**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:25-cv-02983-JWH-KES                          Date: February 3, 2026

Title: MARLON CASTILLO ESPADA v. JOHN DOE, Warden, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **Order Requiring Respondents to Show Cause Why They Should Not Be Held in Contempt for Violating Court Orders**

## I.   BACKGROUND

On November 6, 2025, Petitioner Marlon Castillo Espada ("Espada") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241. ("Petition" at Dkt. 1.) On December 19, 2025, the District Judge denied Espada's request for a temporary restraining order without prejudice. (Dkt. 14.)

On December 23, 2025, the Magistrate Judge issued a scheduling order requiring Respondents to respond to the Petition within 14 days, i.e., by January 6, 2026. (Dkt. 15 at 4 ¶ 2.) Respondents failed to timely respond.

On January 7, 2026, the Magistrate Judge issued an order noting Respondents' failure to respond to the Petition and setting a telephonic status conference for January 9, 2026. (Dkt. 16.) The Magistrate Judge noted that if Respondents filed a response to the Petition prior to the status conference, she might take the status conference off calendar. (Id.) Respondents did not file anything in response to this order. The Magistrate Judge held the status conference on January 9, 2026, and Respondents failed to appear.

On January 9, 2026, the Magistrate Judge issued a report and recommendation ("R&R") recommending that the Petition be granted. (Dkt. 18.) On January 16, 2026, Respondents timely filed objections to the R&R. (Dkt. 20.) On January 20, 2026, the Magistrate Judge issued a Final R&R explaining why those objections did not change the recommendation. (Dkt. 21.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02983-JWH-KES                                          Date: February 3, 2026
                                                                                                Page 2

On January 23, 2026, the District Judge accepted the Magistrate Judge's Final R&R, granted Espada's petition for writ of habeas corpus, ordered Respondents to release Espada from custody forthwith, and directed Respondents "to file no later than January 30, 2026, a Status Report that advises the Court regarding Espada's custody status." (Dkt. 22 at 2-3.)  As of the date of this order, no Status Report has been received by the Court.

## II.      LEGAL STANDARD

A magistrate judge's contempt authority is governed by 28 U.S.C. § 636.  When a magistrate judge is authorized to hear pre-trial matters under § 636(b)(1), as in this case, the magistrate judge's contempt authority is defined by § 636(e)(6)(B)(i)-(iii).

Under these provisions, a magistrate judge may investigate whether further contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge.  28 U.S.C. § 636(e)(6)(B)(iii); see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc., 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008).  Specifically, upon finding an act constituting a civil contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).  Under this process, the magistrate judge functions to certify the facts and not to issue an order of contempt.  See Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996).

## III.      CONCLUSION

IT IS HEREBY ORDERED that, **within seven (7) days of the date of this Order**, Respondents shall:

1.      File a Status Report that advises the Court regarding (a) Espada's custody status, as previously ordered, and (b) Espada's immigration A-number; and

2.      Show cause in writing, if any they have, why the Magistrate Judge should not certify the facts set forth in this Order and initiate civil contempt proceedings before the District Judge.

                                                                          Initials of Deputy Clerk jd